3:26 -cv-1642 PSC

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Ashley A. Morgan, Plaintiff
v.
Barry Callebaut USA LLC, Defendant

**COMPLAINT AND JURY DEMAND**

**JURISDICTION AND VENUE**
1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5 because this action arises under federal law.
2. Venue is proper in the Middle District of Pennsylvania because the unlawful employment practices described herein occurred within this district.

**PARTIES**
3. Plaintiff Ashley A. Morgan is an adult individual residing in Pennsylvania.
4. Defendant Barry Callebaut USA LLC is an employer doing business within Pennsylvania and is subject to the provisions of Title VII.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**
5. Plaintiff filed a timely Charge of Discrimination with the EEOC, Charge No. 530-2025-03763.
6. The EEOC issued a Notice of Right to Sue.
7. Plaintiff is filing this action within the statutory period permitted by law.

**STATEMENT OF FACTS**
8. Plaintiff worked for Defendant for approximately nine years as a production operator.
9. On or about January 12, 2025, Plaintiff became aware of a racial incident involving another employee.
10. The employee who shared the racist incident with Plaintiff did not wish to personally report the matter due to workplace tensions involving supervisory issues.
11. Specifically, approximately six months earlier, certain employees had attempted to circulate a petition seeking the removal of supervisor Steve Mydtch.
12. The employee who disclosed the racist incident to Plaintiff had allegedly been associated with the petition effort against Steve Mydtch.
13. Because of this situation, the employee feared reporting the incident directly.
14. Plaintiff informed supervisor Steve Mydtch that Plaintiff intended to report the matter to Human Resources.
15. On the following day, Plaintiff formally reported the racial incident to Jena Delucka, the head of Human Resources.
16. Reporting racial discrimination and workplace misconduct constitutes protected activity under Title VII.
17. Following Plaintiff's protected activity, Plaintiff experienced a material change in treatment and increased scrutiny in the workplace.
18. Approximately thirty days after Plaintiff reported the racial incident, Defendant terminated Plaintiff's employment.
19. Defendant claimed the termination was based on alleged performance issues.
20. Plaintiff denies the legitimacy of those claims and asserts they were pretextual and retaliatory in nature.
21. Prior to engaging in protected activity, Plaintiff had maintained long-term employment with Defendant.
22. Plaintiff received unemployment compensation benefits after a determination finding no willful misconduct.
23. The close temporal proximity between Plaintiff's protected activity and termination supports an inference of retaliation.

**COUNT I – RETALIATION IN VIOLATION OF TITLE VII**

24. Plaintiff incorporates by reference all preceding paragraphs.

25. Plaintiff engaged in protected activity by reporting racial discrimination and workplace misconduct.

26. Defendant subjected Plaintiff to adverse employment action, including termination.

27. There is a direct causal connection between Plaintiff's protected activity and the adverse employment action.

28. Defendant's stated reasons for termination were pretextual and intended to conceal unlawful retaliation.

29. Defendant's actions violated Title VII of the Civil Rights Act of 1964.

**DAMAGES**

30. As a direct and proximate result of Defendant's conduct, Plaintiff suffered loss of wages and benefits.

31. Plaintiff also suffered emotional distress, humiliation, anxiety, and other non-economic damages.

32. Defendant's conduct was intentional, reckless, and carried out with disregard for Plaintiff's federally protected rights.

33. Prior to the events described herein, Plaintiff had been employed by Defendant for approximately nine years and regularly worked substantial overtime, commonly working approximately forty-eight hours per week.

34. Plaintiff was progressing toward advancement opportunities within the company, including a floater or next-level position that would have increased Plaintiff's hourly compensation to approximately $29-$30 per hour, with potential advancement beyond that level.

35. Plaintiff's employment history and advancement trajectory were consistent with an employee expected to continue developing within the company.

36. Defendant has asserted that Plaintiff's termination was based upon performance-related issues, including a machine overflow incident.

37. Plaintiff alleges that the machinery involved was aging equipment that had been in service for many years and was subject to recurring maintenance and operational issues.

38. Plaintiff is aware of current and former employees who operated the same machinery and possess knowledge regarding recurring machine problems, overflow conditions, maintenance history, and operational limitations.

39. Plaintiff alleges that machine maintenance records, operator logs, mechanic reports, and related business records may demonstrate recurring breakdowns, operational interruptions, and conditions not solely attributable to any individual operator.

40. Plaintiff further alleges that witnesses familiar with the machine's operation may provide testimony regarding overflow causes, maintenance concerns, and the frequency of similar incidents.

41. Plaintiff contends that evidence concerning machine conditions, maintenance history, and the treatment of other operators is relevant to Defendant's stated reason for termination and supports Plaintiff's allegation that the asserted performance justification was pretextual.

42. Plaintiff further alleges that the circumstances surrounding the racial complaint reflected workplace tensions that caused employees to be reluctant to report concerns directly. Plaintiff became the individual who reported the incident to Human Resources after learning that the employee involved feared potential workplace consequences arising from existing conflicts involving supervisory personnel.

43. Plaintiff continues to suffer economic damages, including lost wages, lost earning capacity, and loss of advancement opportunities, in addition to the damages previously alleged in the Complaint.

**PRAYER FOR RELIEF**

A. Back pay and front pay;

B. Compensatory damages;

C. Punitive damages;

D. Costs, fees, and any recoverable litigation expenses;

E. Trial by jury on all issues so triable; and

F. Such other and further relief as the Court deems just and proper.